UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HIWATHA GATHING,

      Plaintiff,

v.

MERS, INC., *et al.*,

      Defendants.

_____/

CASE NO. 1:09-CV-07

HON. ROBERT J. JONKER

## ORDER APPROVING REPORT AND RECOMMENDATION

      The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 50) and Defendants Litton Loan Servicing, Inc. and Wells Fargo's objections to it (docket # 51). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that (1) the motion for summary judgment filed by HSBC (docket # 38) be granted as to Counts 1, 2, and 15; (2) the motion for summary judgment filed by Litton and Wells Fargo (docket # 38) be granted as to Counts 8, 11, and 14; (3) the motion for summary judgment filed by PMSI and Battin (docket # 42) be granted as to Count 15; (4) the motion for summary judgment filed by the Law Offices of Richard A. Green and Attorney Green (docket # 45) be granted as to Count 15; (5) Count 1 should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) as to First National Mortgage for failure to state a claim; (6) the state law claims, Counts 2 through 14, 16, and 17 be dismissed for lack of supplemental jurisdiction under 28 U.S.C. § 1367; (7) First National Mortgage, MERS, HSBC, PMSI, Battin, Law Offies of Richard A. Green, and Attorney Green be dismissed from this action; and (8) that the motions be denied in all other respects. Defendants Litton and Wells Fargo objected to the Report and Recommendation. After de novo review, the Court rejects all but one of Defendants' objections: namely, the objection related to a clerical error. In all other respects, the Court adopts the Magistrate's Report and Recommendation as supplemented by this Order.

Defendant Wells Fargo first objects that the Report and Recommendation contains a clerical error. The Report and Recommendation concludes that Wells Fargo is entitled to summary judgment on Count 10 (*see* docket # 50 at 29), but it does not dismiss Count 10 against Wells Fargo in the "Recommendation" section of the Report and Recommendation (*see* docket # 50 at 33-34). It is clear that this reflects merely a clerical error, and this Order will reflect the correction that Wells Fargo is entitled to summary judgment on Count 10.

Defendant Wells Fargo next objects that Counts 15, 16, and 17 should be dismissed under Federal Rule of Civil Procedure 12(b)(6). It submits that Plaintiff's complaint fails to allege that it

communicated directly with Plaintiff, and accordingly it cannot be liable under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e-f (Count 15), and the Michigan Collection Practices Act, Mich. Comp. Laws 445.251 et seq (Count 16 and 17). This contention cannot support dismissal at this time. As the Magistrate Judge discussed, the record shows that Litton communicated with Plaintiff and that the communication may have been on behalf of Wells Fargo. Additionally, as Wells Fargo concedes, the Acts prohibit actions and unfair practices that may not involve communicating directly with the consumer. Plaintiff alleges that Litton was Wells Fargo's servicing agent, that Wells Fargo is a debt collector, and that Wells Fargo is vicariously liable for Litton's acts under the doctrine of respondeat superior. The complaint accordingly alleges sufficient facts to survive Wells Fargo's motion to dismiss on this issue.

Defendants Wells Fargo and Litton also object that Counts 15, 16, and 17 should be dismissed for failure to state a claim with particularity as required by Federal Rule of Civil Procedure 9(b). The complaint meets the threshold of Rule 9(b). It is sufficiently specific to permit Defendants to prepare an informed pleading responsive to the allegations. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Assoc.*, 176 F.3d 315, 322 (6th Cir. 1999). Indeed, as Defendants' objections make clear, they understand perfectly the actions in which Plaintiff alleges they engaged. They simply deny them as a factual matter, asserting that they were not participants in the foreclosure, the foreclosure sale, recording the assignment. Plaintiff's complaint contains sufficient factual matter that, if accepted as true, would state a claim for relief, and it has stated those facts with sufficient particularity to satisfy Rule 9(b). *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); FED. R. CIV. P. 9(b).

Defendant Litton's final objection is that the correspondence it sent to Plaintiff should not be considered for the purposes of Counts 15, 16, and 17 because they were required by statute or sent in response to Plaintiff's inquiry. This argument, too, is without merit. Defendant Litton offers no support for its contention that statements made in a letter that also includes language required by law or in a response to an inquiry by a plaintiff are exempt from compliance with the Fair Debt Collection Practices Act and the Michigan Collection Practices Act. As the Magistrate Judge correctly noted, Litton has failed to demonstrate that it is entitled to summary judgment on this issue.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed February 16, 2010, is approved and adopted as the opinion of this Court, as further supplemented by this Order.

**IT IS FURTHER ORDERED** that

1. The motion for summary judgment filed by HSBC (docket # 38) is **GRANTED** as to Counts 1, 2, and 15.

2. The motion for summary judgment filed by Litton and Wells Fargo (docket # 38) is **GRANTED** as to Counts 8, 11, and 14 and **DENIED** as to Counts 15, 16, and 17.

3. The motion for summary judgment filed by Wells Fargo (docket # 38) is **GRANTED** as to Count 10.

4. The motion for summary judgment filed by PMSI and Battin (docket # 42) is **GRANTED** as to Count 15.

5. The motion for summary judgment filed by the Law Offices of Richard A. Green and Attorney Green (docket # 45) is **GRANTED** as to Count 15.

6. Plaintiff's Count 1 is **DISMISSED** as to First National Mortgage under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

7. Counts 2, 3, 4, 5, 6, 7, 8, 9, 10,11, 12, 13, 14, 16, and 17 are **DISMISSED** against First National Mortgage, MERS, HSBC, PMSI, Battin, Law Offices of Richard A. Green, and Attorney Green for lack of supplemental jurisdiction under 28 U.S.C. § 1367.

8. First National Mortgage, MERS, HSBC, PMSI, Battin, Law Offices of Richard A. Green, and Attorney Green are **DISMISSED** from this action.

Dated:   March 10, 2010           /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE